UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 19-CR-213

JOHN M. SOLBERG,

    Defendant.

## ORDER

On August 19, 2022, Defendant John M. Solberg entered guilty pleas to 15 counts of wire fraud contrary to 18 U.S.C. §§ 1341 and 2. He was sentenced to 30 months imprisonment to be followed by 3 years of supervised release and ordered to pay over $290,000 in restitution. Judgment was entered on January 9, 2023. Dkt. No. 76. Attorney Richards filed a letter on January 13, 2023 indicating that, after discussion with Mr. Solberg, no appeal would be filed. Dkt. No. 78. The Government filed an unopposed motion to amend the amount of restitution on January 23, 2023. Dkt. No. 81. An Amended Judgment was entered February 2, 2023 to reflect total restitution in the amount of $307,451.57. Dkt. No. 84. On March 6, 2023, Solberg filed a pro se Notice of Appeal, on April 3, 2023 a pro se motion for an extension of time to appeal, and on April 5, 2023 a motion for a new trial. Dkt. Nos. 86, 90, 93. The court denied Solberg's pro se motions. Dkt. Nos. 98, 99. Since May 9, 2023, Solberg has filed at least 10 motions and other documents in support, consisting of approximately 189 mostly typewritten pages–some of which include his appellate case number–requesting a variety of relief, including "proposed" documents which he asks the court to "sign" in agreement. On May 17, 2023, Attorney Mark Richards filed a motion

to withdraw as counsel for Mr. Solberg, noting "that the Attorney client relationship is irretrievably broken" and that he is unable to adequately respond to Mr. Solberg's allegations without a waiver of attorney/client privilege. Dkt. No. 108 at 1–2. It is to Attorney Richards' motion to withdraw that I now turn.

As recounted above, Solberg filed a Notice of Appeal which remains pending. The motion to withdraw as counsel must be denied. Rule 51 of the Circuit Rules for the United States Court of Appeals for the Seventh Circuit states in pertinent part:

> Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw.

In light of this Rule, this court has no authority to grant counsel's motion, and any motion to withdraw must be brought before the Court of Appeals. Under Circuit Rule 51, counsel of record's representation continues until such time as either no appeal is taken and the judgment becomes final, or the Court of Appeals grants a motion to withdraw. Therefore, such relief must be requested directly to, and be addressed by, the Court of Appeals. *See also* Circuit Rule 51(a). Attorney Richards' second motion to withdraw, Dkt. No. 108, is, therefore, denied.

It then follows that Solberg's litany of pro se motions must also be denied. Not only is Solberg currently represented by counsel, but the issue of whether he is entitled to any relief on appeal is aptly in the hands of the appellate court. "Ordinarily, filing a notice of appeal divests a district court of jurisdiction." *United States v. Ramer*, 787 F.3d 837, 838 (7th Cir. 2015) (citing *United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2013); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008)). And, although the district court may address ancillary issues, for example correcting a clerical mistake, a district court may not interfere with an appellate court's "jurisdiction by amending a decision that is under appellate review. 'The filing of a notice of

2

appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *McHugh*, 528 F.3d at 540 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). For the above reasons, Solberg's pro se motions, Dkt. Nos. 101, 102, 103, 104, 105, 106, 107, 110, 111, and 113, are denied for lack of jurisdiction.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of May, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge