UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                      Case No. 19-CR-213

JOHN M. SOLBERG,

      Defendant.

---

## ORDER DENYING MOTIONS TO VACATE JUDGMENT AND FOR RELEASE PENDING APPEAL

---

On August 19, 2022, Defendant John M. Solberg entered a guilty plea to one count of mail fraud contrary to 18 U.S.C. §§ 1341 and 2, arising out of a fraudulent scheme involving the sale of motor vehicles held on consignment and retention of funds received therefor. He was sentenced to 30 months imprisonment, three years of supervised release, and ordered to pay over $290,000 (later increased to over $300,000) in restitution. Dkt. No. 76. In early March, Solberg filed an untimely notice of appeal. Dkt. No. 86. On April 3, 2023, Solberg filed a motion seeking an extension of time to file his notice of appeal, and on April 5, 2023, he filed a pro se motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Dkt. Nos. 90, 93. The court denied Solberg's motion for an extension of time to file his notice of appeal and his motion for a new trial in separate orders. Dkt. Nos. 98, 99. Between May 4, 2023 and May 24, 2023, Solberg filed another fourteen motions and requests for various relief. Dkt. Nos. 100–114. Those motions were denied in an order dated May 25, 2023. Dkt. No. 116. Currently before the court are Solberg's pro se motions to vacate the judgment of conviction and for release under 18 U.S.C. § 3143. Both motions must be denied.

The court lacks jurisdiction over Solberg's motion to vacate the judgment of conviction entered against him because his case is on appeal. "[A] district court may not interfere with [the court of appeals'] jurisdiction by amending a decision that is under appellate review. 'The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). So long as Solberg's direct appeal remains pending, the judgment of conviction entered by this court is not final for purposes of seeking relief under 28 U.S.C. § 2255 and this court has no authority to grant relief. Solberg's motion to vacate the judgment must therefore be denied for this reason alone.

Solberg's motion for release pending appeal must also be denied. A defendant sentenced to prison cannot be released pending appeal unless the judicial officer finds both:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

28 U.S.C. § 3143(b)(1). Solberg pleaded guilty to one count of a fifteen-count indictment charging him with conspiracy to commit mail and wire fraud, thirteen counts of wire fraud, and one count of mail fraud. The court is unable to find that Solberg's appeal raises a substantial question of law

2

or fact, or that it is likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. Absent such a finding, the court has no authority to order Solberg's release pending appeal. His motion for release is therefore also denied.

    **SO ORDERED** at Green Bay, Wisconsin this <u>  19th  </u> day of June, 2023.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge