UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                  Case No. 19-CR-213

JOHN M. SOLBERG,

        Defendant.

## ORDER DENYING MOTIONS TO DISQUALIFY JUDGE AND ADDRESSING DEFENDANT'S REQUEST FOR RETURN OF PROPERTY AND NUMEROUS OTHER FILINGS

Defendant John M. Solberg entered a plea of guilty to one count of mail fraud contrary to 18 U.S.C. §§ 1341 and 2 arising out of a fraudulent scheme involving the sale of motor vehicles held on consignment and retention of funds received. He was sentenced to thirty months imprisonment, three years of supervised release, and ordered to pay $290,000 (later increased to over $300,000) in restitution. Dkt. No. 76. His appeal from his conviction and sentence is currently pending before the Court of Appeals.

Currently before this court is Solberg's motion for return of property (Dkt. No. 123) seized from him pursuant to a search warrant issued to "any authorized law enforcement officer of the United States." Dkt. No. 51-1 in Case No. 22-CR-30. The evidence seized pursuant to that warrant led to charges of conspiracy to commit wire and mail fraud against officers and employees of Summit Contracting, Inc., a home remodeling business. Although Solberg is not a defendant in Case No. 22-CR-30, he claims that property belonging to him was seized pursuant to that warrant. He also argues that the property seized and the circumstances surrounding it may be exculpatory

in this case. Based on these allegations, the court concludes it has ancillary jurisdiction over the issue, notwithstanding the fact that the warrant seems to have been issued in connection with an unconnected investigation. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Before addressing Solberg's motion, the court must address his motion to disqualify the undersigned judge. The motion is based upon decisions made in the course of the proceedings, all of which are subject to review by the Court of Appeals. They do not reflect bias against the defendant and do not constitute grounds for recusal or disqualification. *See McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law, erroneous as that view might be."). Accordingly, Solberg's motions to disqualify the undersigned (Dkt. Nos. 194, 195) are denied.

Rule 41(g) of the Rules of Criminal Procedure, entitled "Motion to Return Property", provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Under this rule, a person whose property is seized pursuant to a search warrant issued to federal law enforcement officers may seek return of property that was unlawfully seized or retained for an unreasonable length of time. "Rule 41(g) creates a remedy analogous to the common law writ of replevin." *Okoro*, 324 F.3d at 49.

Upon receipt of Solberg's motion, the court directed the government to respond. The government lists in its response the items of property that were seized and notes that Solberg's request is for the return of "2 Apple iPads, 4 personal lab (sic) tops, (and) 2 Apple iPones (sic)."

2

Dkt. No. 155 at 2.  The government contends that it believes the property that Solberg claims as his own was returned to the owner of the business that was searched, namely Chad M. Schampers. The government does not object to the return of the property, nor does the government claim any interest of its own in the property.  Solberg responds that he has no professional or personal relationship with Schampers.  In fact, he claims that Schampers and the other defendants in the other case blame him for the June 26th raid, and the government was not authorized to return his property to them.

If, in fact, the government did not sell Solberg's property and is no longer in possession of it, his motion for its return will be denied.  Obviously, the government cannot return what it does not have.  And Rule 41(g) cannot be transformed into a suit for damages.  *Okora*, 324 F.3d at 491 (noting that "a suit for damages is not authorized by Rule 41(g)").  This does not mean that Solberg is without any remedy whatsoever.  "Damages suits complaining about unconstitutional actions by federal law enforcement officers are governed by *Bivens* if the suit is against the officers and by the Federal Tort Claims Act if it is against the United States."  *Id.* at 490.  But those would require separate actions subject to different procedural and substantive requirements.

In any event, the court is unable to resolve Solberg's motion on the present state of the record.  Rule 41(g) states, "The court must receive evidence on any factual issue necessary to decide the motion."  The government's claim in its response that Solberg's property was returned to Schampers is unsupported by any evidence such as a declaration of someone with personal knowledge of what was done with the property Solberg claims was taken from him.  Of course, to resolve the issue and avoid a separate action, the government may choose to retrieve the property it returned to Schampers, assuming there is no dispute that the property actually belongs to Solberg, and return it to him.  But if it does not do so, it must supplement the record within twenty-one (21)

3

days of this order with evidence to support its contention that it is not in possession of Solberg's property and does not have possession of proceeds of a sale of such property. In the absence of such evidence, this matter will be set for an evidentiary hearing.

One matter further warrants consideration by the court. Solberg has continued to inundate both this court and the Court of Appeals with filings on almost a daily basis. In August alone, he is responsible for 23 separate filings in this court, many repeating arguments already rejected by the court, and despite the fact that his appeal has resulted in the transfer of jurisdiction over all but tangential issues to the Court of Appeals. The court therefore concludes, borrowing from the Court of Appeals, that the following order will govern Solberg's filings: "Any pro se motions that Solberg submits will be filed without court action, unless the court specifically orders otherwise."

In sum, Solberg's motions to disqualify the undersigned (Dkt. Nos. 194, 195) are **DENIED,** his motion for return of property (Dkt. No. 123) requires further development of the record, and no action will be required of additional pro se motions, absent further order of the court.

    **SO ORDERED** at Green Bay, Wisconsin this 6th day of September, 2023.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge